ITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **FILED <u>*EX PARTE* AND UNDER SEAL</u>** |
| ) | |
| v. ) | Criminal Case No. 20-10307-DPW |
| ) | |
| GUSTAVO KINRYS, ) | |
|       Defendant. ) | |

## UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' *EX PARTE* MOTION FOR POST-INDICTMENT RESTRAINING ORDER

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits this memorandum of law in support of its Motion for Restraining Order, pursuant to 18 U.S.C. § 982, incorporating 21 U.S.C. § 853(e)(1)(A). The United States seeks to forfeit the following real properties:

a. the real property located at 4 Goose Cove Way, Nantucket, Massachusetts, more particularly described in the Quitclaim Deed registered on December 28, 2018, Cert. 27169, Doc. DD, and further bounded and described as Lot 894 on Land Court Plan No. 3092-119, said plan being filed with Certificate of Title 24,825 at the Nantucket County Registry District of the Land Court (the "Nantucket Property"); and

b. the real property located at 2 Fuller Brook Road, Wellesley, Massachusetts, more particularly described in the Massachusetts Quitclaim Deed recorded on February 27, 2015, at Book 32928, Page 520, and further bounded and described as Lot 54 on a "Subdivision Plan of Land in Wellesley, MA" Orville Estates Trust, dated August 12, 1941, by Gleason Engineering Co., recorded with Norfolk Registry of Deeds in Plan Book 128, Plan #753 of 1941 containing 20,438 square feet of land (the "Wellesley Property"),

(collectively referred to as the "Real Properties").

To preserve the *status quo* with respect to the Real Properties, while the case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation of the Real Properties.

As set forth in more detail below, the applicable forfeiture statute expressly authorizes this Court to issue a restraining order where, as here, the United States seeks to restrain

property after an Indictment has been returned.

## Procedural Background

On December 7, 2020, a federal grand jury sitting in the District of Massachusetts returned a 15-count Indictment charging defendant Gustavo Kinrys (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Seven); False Statements Relating to Health Care Matters, in violation of 18 U.S.C. §§ 1035 and 2 (Counts Eight through Thirteen); Destruction, Alteration, or Falsification of Records in Federal Investigations, in violation of 18 U.S.C. §§ 1519 and 2 (Count Fourteen); and Obstruction of a Criminal Investigation of a Health Care Offense, in violation of 18 U.S.C. §§ 1518 and 2 (Count Fifteen). The Indictment included a Criminal Forfeiture Allegation, which provided notice that the United States intends to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(7), and upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Thirteen and Fifteen of the Indictment, of any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offenses, including the Real Properties.

## Legal Analysis

To preserve the *status quo* while this case is pending with respect to the Real Properties, which are identified as directly forfeitable in the Indictment, the United States now seeks a Restraining Order, restraining the transfer, alienation, concealment, or dissipation of the Real Properties. As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue such restraining orders. *See* 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. § 982.

A.  **What is Forfeitable**

The forfeiture statute applicable in this case is 18 U.S.C. § 982(a)(7).  Pursuant to 18 U.S.C. § 982(a)(7), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to forfeit any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offenses in violation of 18 U.S.C. §§ 1343, 1035, and 1518, and as evidenced by the return of the Indictment, a Grand Jury has found probable cause to believe that the Real Properties are property that constitutes, or is derived from, gross proceeds traceable to the offenses.

B.  **Post-Indictment Restraint**

Any property subject to forfeiture under the applicable forfeiture statute may be restrained pre-trial or during the pendency of a forfeiture ancillary proceeding.  *See United States v. Balsiger*, No. 07–CR–57, 2015 WL 5158692, *11 (E.D. Wisc. Sept. 2, 2015) (pretrial restraint, including a *lis pendens* on property to preserve it for forfeiture does not violate the Fifth Amendment or Sixth Amendment, even if the assets would otherwise be used to pay a defendant's legal fees); *United States v. Hailey*, Criminal No. 11–CR–0540–WDQ,  2011 WL 5386328, *1 (D. Md. Oct. 31, 2011) (restraining defendant and his wife from spending any funds traceable to conduct alleged as a fraud scheme, except for "food, shelter and medical attention"); *United States v. Schlotzhauer*, No. 06-00091-01/03-CR-W-GAF,  2008 WL 320717, *11 (W.D. Mo. 2008) (where indictment sought, and statute authorized, forfeiture of both proceeds and facilitating property, restraining order need not be limited to the dollar value of the proceeds set forth in the indictment but may include property forfeitable as facilitating property as well); *United States v. Madoff*, No. 09 Cr. 213(DC), 2009 WL 1055792 (S.D.N.Y.

3

Apr. 20, 2009), *1-2 (setting forth text of order restraining everything defendant and his wife owns).

This Court has authority to issue a restraining order without a hearing.  *See* 21 U.S.C. § 853(3)(2) ("A temporary restraining order under this section may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture…and that provision of notice will jeopardize the availability of the property for forfeiture."); *see also United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991) ("notice and a hearing need not occur before an ex parte restraining order is entered pursuant to section 853(e)(1)(A)") (abrogated on other grounds); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989) (same); *United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (restraining order may be entered upon the filing of the indictment; post-restraint hearing under the *Jones-Farmer* rule is sufficient to protect defendant's right to due process).

The issuance of a pre-trial restraining order is not discretionary.  If the United States establishes a probable cause basis that the property is subject to forfeiture, the Court **must** enter the restraining order.  *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in section 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property; it "cannot sensibly be construed to give

district court[s] discretion to permit the dissipation of the very property that section 853(a) requires to be forfeited upon conviction").

Under the statutory scheme of 21 U.S.C. § 853(e), as incorporated by 18 U.S.C. § 982, whether or not a restraining order is temporary turns on whether an indictment has been returned or information filed. Under 21 U.S.C. § 853(e)(1)(B), a temporary (up to 90 days) restraining order obtained with notice to persons appearing to have an interest in the property sheds its expiration date if an indictment is returned. *See* 21 U.S.C. § 853(e)(1)(B)(ii) ("shall be effective for not more than ninety days, unless extended by the court for good cause shown or <u>unless an indictment or information…has been filed.</u>") (emphasis added). Therefore, the filing of an indictment allows issuance of a restraining order with no time limitations *or* the conversion of a pre-indictment temporary restraining order into a permanent one. In addition, the statutory provisions that govern applications for pre-indictment temporary restraining orders specifically state whether or not notice is required and the ramifications thereof (*i.e.*, 90-day time limitation versus a 14-day limitation). *See* 21 U.S.C. §§ 853(e)(1)(B) and 853(e)(2). In contrast, the statutory provision that governs post-indictment restraining orders contemplates *ex parte* applications because it does not mandate notice. *See* 21 U.S.C. § 853(e)(1)(A). *See also Nken v. Holder,* 556 U.S. 418, 426 (2009) ("[S]tatutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"), citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997); *see United States v. Jones*, 160 F.3d 641, 647-49 (10th Cir. 1998) (pre-trial restraints may be imposed *ex parte*); *United States v. Jenkins*, 974 F.2d 32, 35-36 (5th Cir. 1992) (no due process violation where post-indictment restraining order was entered *ex parte*); *United States v. Monsanto*, 924 F.2d 1186, 1192-93 (2d Cir. 1991) (unanimous *en banc* court,

5

on remand from Supreme Court case cited in text, *infra*, concludes that strong government interests and exigent circumstances in forfeiture context justify imposition of pre-trial restraints without pre-restraint hearing).

Moreover, unlike 21 U.S.C. § 853(e)(1)(B), which permits restraint of assets prior to indictment only upon a showing by the United States of a substantial probability (i) that the United States will prevail on the issue of forfeiture; (ii) that failure to enter the order will result in loss of the property for forfeiture; and (iii) that the need to preserve the assets outweighs the hardship on any party affected by the order, a restraining order after the filing of an indictment, like the one that the United States now seeks, requires only a showing of probable cause to believe that the assets to be restrained are forfeitable. *See United States v. Monsanto*, 491 U.S. 600, 615-16 (1989) ("[I]t would be odd to conclude that the Government may not restrain property ... based on a finding of probable cause, when we have held that (under appropriate circumstances), the United States may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense").

In the case at bar, the United States included the Real Properties in the forfeiture allegation of the Indictment as property directly forfeitable to the United States and the Grand Jury found probable cause and returned the Indictment. The Real Properties are subject to forfeiture pursuant 18 U.S.C. § 982(a)(7). Accordingly, this Court has the authority to issue both a restraining order and a *lis pendens* against the Real Properties, to prevent the transfer and/or dissipation of the Real Properties pending the adjudication of any third party interests.

**CONCLUSION**

To preserve the *status quo* with respect to the Real Properties, the United States requests that the Court allow its *Ex Parte* Motion for Post-Indictment Restraining Order and issue the proposed Order filed herewith.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  */s/ Carol E. Head*
     PATRICK M. CALLAHAN
     CAROL E. HEAD
     Assistant United States Attorneys
     United States Attorney's Office
     1 Courthouse Way, Suite 9200
     Boston, MA 02210
     (617) 748-3100
Date:  December 8, 2020       carol.head@usdoj.gov