UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal No. 1:20-cr-10307-DPW |
| GUSTAVO KINRYS, | ) ) ) | |
| Defendant | ) ) | |

## RULE 15 MOTION FOR A PRE-TRIAL DEPOSITION

The government moves under Rule 15(a)(1) of the Federal Rules of Criminal Procedure for an order authorizing a pretrial video deposition of Patient 4 to preserve his testimony for trial in this matter, which is set for May 30, 2023. The requested deposition is necessary given Patient 4's advanced age, deteriorating health, and recent hip surgery restricting his mobility. The government proposes to take the deposition with the defendant present, so the defendant would have an opportunity to cross-examine the witness and exercise his rights under the Confrontation Clause.

Rule 15 was designed to facilitate preserving testimony that may be needed to guarantee a fair trial. *United States v. Drogoul*, 1 F.3d 1546, 1557 (11th Cir. 1993). A court may order the deposition of a witness to preserve testimony for trial under exceptional circumstances and in the interest of justice. Fed. R. Crim. P. 15(a). The key factors in determining whether exceptional circumstances exist are (1) whether the witness is likely to be unavailable for trial and his testimony and (2) whether the witness is material to a central issue in the case. *Drogoul*, 1 F.3d at 1554.

First, there is a significant risk that Patient 4 will not be available for trial given his advanced age, declining health, and two recent, serious surgeries. Patient 4 is an 87-year-old retiree who lives approximately 20 miles from the Boston courthouse. He recently broke his hip and now uses a walker to move around. After his hip surgery, he required the care of a nursing home. Patient 4 also recently had stomach surgery. When interviewed at his home by government investigators in February 2023, he expressed severe anxiety about testifying at the courthouse, worried that doing so would "kill" him given his ailments and advanced age.

The First Circuit in *United States v. Keithan* found exceptional circumstances and affirmed pretrial depositions under similar conditions. There, one witness was 87 years old, with a back condition that kept him from walking; the other witness was 83 years old, with a heart condition that confined her to her home; and both lived 60 miles from the courthouse. 751 F.2d 9, 12 (1st Cir. 1984). This Court also allowed a similar motion in *United States v. Cranney*, where the witness was 83 years old with a history of medical issues, lived in the Midwest, and did not leave his home without the assistance of one of his adult children. No. 14-cr-10276-IT, ECF No. 129 (D. Mass. filed Dec. 6, 2016); *see also United States v. Campbell*, 845 F.2d 1374, 1377–78 (6th Cir. 1988) ("It is well established that the infirmity of an elderly witness which prevents him or her from traveling is an 'exceptional circumstance' which justifies the use of deposition testimony at trial." (citing *Keithan*, 751 F.2d)).

Second, Patient 4's testimony is material. As described in the Indictment, *see* Dkt. 1 at 13–14, Patient 4 began seeing the defendant for medical treatment in 2015. Between August 30, 2015, and November 20, 2015, the defendant submitted 55 claims to Patient 4's insurers for transcranial magnetic stimulation ("TMS") sessions that Patient 4 never received. Patient 4's testimony—which will show that he did not, in fact, receive these TMS treatments for which the

defendant billed the two insurers—is critical to supporting the government's allegations that the defendant defrauded those insurers. Specifically, Patient 4's testimony will support the allegations in Counts 1 and 8 of the Indictment.

Taking Patient 4's deposition is also in the interest of justice, not only because his testimony is relevant to the allegations in the Indictment, but also because it will not prejudice the defendant, who will have a full opportunity to confront and cross-examine the witness. Moreover, the Court may defer ruling on the admissibility of the witness's testimony until trial. *See Drogoul*, 1 F.3d at 1553.

The government has conferred with counsel for the defendant. Counsel for the defendant indicated that he consents to the relief requested by this motion. If the Court allows this motion, the government will immediately confer with the defendant and his counsel regarding the appropriate protocol for taking Patient 4's pretrial deposition by video- and audio-recording. The government will ensure that the time and place of the deposition respect the defendant's rights under the Confrontation Clause, allowing him the opportunity to cross-examine the witness. Further, the Court may order the government to pay reasonable travel and subsistence expenses for the defendant and his counsel to attend the deposition. *See* Fed. R. Crim. P. 15(d).

For the foregoing reasons, the government respectfully requests that the Court authorize the government to take a pretrial deposition of Patient 4.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ Patrick M. Callahan*
      PATRICK M. CALLAHAN
      CHRISTOPHER LOONEY
      Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                                  */s/ Patrick M. Callahan*
                                                  Patrick M. Callahan
                                                  Assistant U.S. Attorney

Date: April 7, 2023