UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GUSTAVO KINRYS, )<br>)<br>Defendant ) | Criminal No. 1:20-cr-10307-DJC |

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE IRRELEVANT EVIDENCE OR ARGUMENTS

The Government requests that the Court issue an order precluding the Defendant, Gustavo Kinrys, from offering any evidence or making arguments based upon facts that are irrelevant to the defendant's guilt on the charged offenses.

More specifically, this case focuses on Kinrys billing health insurers for psychiatric services that he did not, in fact, provide. The Government seeks an order prohibiting Kinrys from making arguments that suggest that the jury should render a verdict of not guilty because, while falsely billing insurers for services that were not provided on certain dates to certain patients, Kinrys may have (i) intended to provide services to those patients on later dates; (ii) provided *free services* to certain other patients or (iii) provided (and billed for) *some* services to patients on other dates—including *after* the dates covered by the Indictment, which spans from January 2015 to December 2018.

Here, there is a significant risk that Kinrys will invite the jury to find him not guilty on the basis of the irrelevant facts described above and suggest that the jury should acquit based on

sympathy or irrelevant considerations rather than based upon consideration of the relevant facts and the relevant timeframe outlined in the indictment. Specifically:

- On May 5, 2023, the government took the Rule 15 deposition of the individual identified as Patient 4 in the Indictment. Kinrys's billing documentation shows that, between August 30, 2015 and November 20, 2015, Kinrys submitted 55 claims to Patient 4's insurers for Transcranial Magnetic Stimulation ("TMS") therapy. Contrary to that billing documentation, during his deposition, Patient 4 confirmed that he had never received TMS therapy from Kinrys. On cross-examination, Kinrys' counsel did not challenge those *relevant facts*. Instead, Kinrys' counsel elicited the *irrelevant facts* that Kinrys provided "talk therapy" to Patient 4, that Kinrys was a "good listener" and "kind" and that he "helped [Patient 4]."

- On September 6, 2023, the government took the Rule 15 deposition of an employee of the billing company that Kinrys used to submit claims to health insurers. During that deposition, Kinrys' counsel elicited testimony suggesting that Kinrys provided free psychiatric services to a patient who lacked health insurance.

- The government anticipates that Kinrys may argue that he obtained insurance pre-authorization for a fixed number of TMS treatment sessions for his patients to be provided over a limited period of time and then falsely billed insurers for that number of sessions in that limited time frame in order to create a "bank" of TMS treatment sessions that the patient could then receive at a later date.

- Kinrys recently served Rule 17 subpoenas on insurers like BlueCross BlueShield and Tufts seeking claims and billing information relating to services Kinrys allegedly provided to patients in 2019 and 2020—*after* the period of time covered by the indictment (January 2015 through December 2018). Kinrys has indicated he intends to argue that he submitted claims to insurers for those purportedly legitimate medical services, but that those insurers refused to pay those claims.

Each of the above are legally irrelevant. Providing quality medical treatment or even free treatment to *some* patients on *some* days does not justify billing for other services that *never* happened. *See, e.g.*, *United States v. Glazer*, 850 Fed. Appx. 488, 492 (9th Cir. 2021) (holding district court in health care fraud case "did not abuse its discretion by excluding evidence of 'legitimate' medical services outside of the counts in the indictment, because '[a] defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions'") (quoting *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955)); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (excluding defendant from offering

evidence of legitimate billings in a false claims act case because it was irrelevant that the defendant "did not overcharge in every instance in which she had the opportunity to do so"); *United States v. Judd*, No. 21-CR-20600, 2023 WL 3294117, at *2 (E.D. Mich. May 5, 2023) ("Here, the fact that Mr. Judd can direct the Court to instances where he properly billed Medicaid is completely unrelated and irrelevant to a determination of whether he is guilty or innocent of the charged offense of Healthcare Fraud."); *United States v. Schena*, No. 20-CR-00425, 2022 WL 2910185, at *3 (N.D. Cal. July 23, 2022) (concluding that "evidence of legitimate billing or other good conduct is irrelevant to Defendant's intent and is impermissible character evidence" with respect to health care and securities fraud charges).

Kinrys has recently served Rule 17 subpoenas to insurance companies seeking insurance claims and billing information for two years ***after*** the time of the conduct charged in the indictment and has indicated that he intends to introduce evidence that insurers failed to pay Kinrys millons of dollars for "legitimate medical services" provided after the charged period. A hope or even expectation that services might be provided at some point in the future does not justify billing for services that the defendant never provided. "A defendant's intention to repay the victims of fraud is no defense." *United States v. Carter*, 483 F. App'x 70, 75 (6th Cir. 2012).

Likewise, even assuming that evidence could show that Kinrys provided legitimate services ***after*** the charged timeframe, that evidence is not relevant to whether he submitted claims for services he did not render ***during*** the timeframe charged in the indictment. *See Glazer*, 850 Fed. Appx. at 492 (cited supra); *Carter*, 483 F. App'x at 75 ("[S]ubsequent investigations, repayments, or settlement attempts shed no light on whether a defendant had a

previous intent to defraud.…[S]ubsequent attempts to rectify the fraud are irrelevant to [defendant's] earlier intent or state of mind.'").[1]

The (dubious) claim that Kinrys fraudulently billed for services from 2015 through 2018 (the period covered by the indictment) while harboring an intent to provide those services in 2019 or 2020 is legally irrelevant and does not negate the defendant's guilt.  Kinrys should not be permitted to introduce evidence of these irrelevant facts—which will only confuse the jury, waste their time, and invite them to acquit the defendant based upon improper considerations. *See* Fed. R. Evid. 403.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

Dated: September 21, 2023

*/s/ Christopher Looney*
Christopher Looney
Patrick Callahan
Assistant United States Attorneys

---

[1] *Cf. United States v. Arif*, 897 F.3d 1, 9-10 n.9 (1st Cir. 2018) ("Our *Mueffelman* ruling is in accord with the ruling of other circuits that a defendant's subjective good-faith belief in the efficacy of the product does not negate his intent to defraud when the defendant has made false statements to induce purchase."); *United States v. Daniel*, 329 F.3d 480, 488 (6th Cir. 2003) (rejecting defendant's argument that, "though he admittedly intended to deprive Century and CBIZ of money in the short-term by taking improper loans, he did so in hopes of benefitting them in the long-term by repaying the loans and retaining the stock, and consequently he intended neither to harm the businesses nor deprive them of money"); *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir.1986) (holding in bank-fraud case that "[w]hile an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all").

**CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                  */s/ Christopher Looney*
                                                                  Christopher Looney
                                                                  Assistant United States Attorney

Dated: September 21, 2023