# THEORY FOR AMOUNT DEFENDANT SHOULD BE ALLOWED FOR TMS SESSIONS PURCHASED

The government alleges that 26,293 TMS sessions were submitted by the defendant. From this total only 17,170 were paid by insurance. 9123 claims for TMS services were denied by insurance.

From the total 17,170 TMS claims paid, $4,014,177 was deposited into the defendant's bank account.

The government asserts that the amounts shown as fraud are based solely on claims submitted that did not include a legitimate session purchased by the defendant.
The government has determined that of the $4,014,177 paid for TMS claims, $3,355,016 represent fraudulent submissions by the defendant where no legitimate session purchased was used.

The defendant had a total of 5302 of sessions rendered that he purchased. The government's chart shows that from this total 725 TMS sessions rendered were submitted for TMS claims, where no payment was made by the insurance companies. The balance of 4577 sessions rendered that were purchased were shown on the government computation as being used on submissions for the $4,014,177 is claims paid.

Based on the insurance companies paying $4,014,177 on 17,170 claims, the resulting amount paid per TMS claim on average paid is $233.

It would seem that the defendant should be allowed full credit for legitimate sessions purchased for 5302 sessions. There appears to be countless cases in reviewing the insurance company TMS claims submitted where no money was paid on the claims. No justification is shown for not paying. Many of these claims, where no money is

paid, could be legitimate sessions purchased by the defendant that were denied for some reason.

Based on the above the defendant should be allowed a credit for his 5302 sessions at a rate of $233 that equals $1,235,366.  The defendant has already received $659,161 to his bank account for the 17,170 sessions paid by insurance.  The difference between the amount paid of $659,161 to the defendant, and the total amount the defendant should receive for sessions purchased of $1,235,366 is $576,205.

This amount of $576,205 should be allowed as a credit to the defendant for restitution purposes.